## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| SHARON L. D'ANGELO,<br>Plaintiff<br><br>v.<br><br>REDLINE RECOVERY SERVICES,<br>LLC d/b/a ULQ, LLC; ULQ, LLC d/b/a<br>Redline Recovery Services, LLC;<br>and VANESSA NELSON,<br>Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

**PARTIES**

4.      Plaintiff, Sharon L. D'Angelo, is a natural person who resides in the City of Easton, County of Northampton, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Redline Recovery Services, LLC (hereinafter "Defendant" or "Redline"), is upon information or belief a business entity with a business address of 1145 Sanctuary Pkwy, Suite 350, Alpharetta, GA 30004.  Upon information and belief, Redline Recovery Services, LLC does business as ULQ, LLC.

6.      At all times relevant to this Complaint, Defendant Redline transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant, ULQ, LLC (hereinafter "Defendant" or "ULQ"), is upon information or belief a business entity with a business address of 1145 Sanctuary Pkwy, Suite 350, Alpharetta, GA 30004.  Upon information and belief, ULQ, LLC does business as Redline Recovery Services, LLC.

8.   At all times relevant to this Complaint, Defendant ULQ transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.   Defendant, Vanessa Nelson is a natural person employed by Defendants as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.  At all times relevant to this Complaint, Defendant Nelson transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.  Upon information and belief, Defendants Redline and ULQ have functioned as a single business enterprise.

12.  The Defendants have integrated their resources to achieve a common business purpose.  There has been a blurring of the identities and lines of distinction between the Defendants Redline and ULQ.

## FACTUAL ALLEGATIONS

13.  Plaintiff, Sharon L. D'Angelo allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a

"debt" as that term is defined by 15 U.S.C § 1692a(5), namely a Discover credit card debt.

14. Plaintiff allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

15. Plaintiff's account was assigned, sold or otherwise transferred to Defendant Redline for collection.

16. In or around November of 2008, Defendant Redline by and through its agents/employees began attempting to collect the alleged debt by communicating with Plaintiff via telephone and U.S Mail.

17. On or around November 19, 2008, Defendant Redline through its agent/employee, Defendant Nelson, contacted Plaintiff at her residence in an attempt to collect the alleged debt.

18. During the telephone call, Defendant Nelson stated that she was calling from Redline Recovery and advised Plaintiff that her account would be forwarded to an attorney for a judgment on November 21, 2008 if some form of payment was not received that day.

19. When Plaintiff attempted to explain to Defendant Nelson that she could not afford to make a payment, Defendant Nelson advised her to have her fiancé make a payment, stating that if he loved her he would pay the debt.

20.   After Plaintiff refused to ask her fiancé for money to pay the debt, Defendant Nelson stated to Plaintiff that if her account goes to an attorney a lien would be placed on her home.  Defendant Nelson also falsely stated to Plaintiff that Pennsylvania is a garnishment state, so her wages could be attached to satisfy the debt.

21.   Defendant Nelson continued to make false and deceptive statements during her conversation with Plaintiff in an attempt to coerce payment; falsely informing Plaintiff that it would be difficult to find a job if her wages were attached, because most employers do credit checks on prospective employees, and do not want to deal with hassle of wage garnishments and creditors calling at work.

22.   Defendants' November 19, 2008 telephone call to Plaintiff was intended to harass, abuse, oppress, humiliate, and embarrass Plaintiff into making payments to Defendants.

23.   Defendants' November 19, 2008 communication with Plaintiff violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f amongst others.

24.   On or around November 20, 2008, Defendant Redline through its agent/employee Defendant Nelson contacted Plaintiff via telephone at her residence.

25.   During the November 20, 2008 conversation, Plaintiff informed Defendant Nelson that she could not afford to pay the alleged debt, and was considering filing for bankruptcy due to her financial situation.

26.   Defendant Nelson questioned Plaintiff, as to why she would file bankruptcy against her home for credit card debts. Defendant Nelson informed Plaintiff that if she filed for bankruptcy she could lose her home. Defendant also falsely stated to Plaintiff that a bankruptcy filing would go against her property and that if she missed any payments she would lose her home.

27.   When Plaintiff attempted to explain to Defendant Nelson that not all individuals filing for bankruptcy lose their homes, Defendant stated, "Okay, I guess you know more than me. I've been doing this for a long time I know what happens."

28.   Defendant Nelson also falsely informed Plaintiff that bankruptcy laws were recently reformed in order to keep individuals like herself from running up large credit card debts then filing for bankruptcy, while being permitted to keep their homes and property.

29. Defendants' November 20, 2008 communication with Plaintiff violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f amongst others.

30. While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry.

31. As a direct and proximate result of Defendants' illegal collection tactics and harassing and oppressive behavior Plaintiff has sustained actual damages in the form of anxiety, confusion, stress, humiliation, embarrassment and fear.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

### 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND

## CONSUMER PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

-8-

37. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

38. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

39. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

40. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   (c) Falsely representing the legal status of the alleged debt;

   (d) Falsely representing the character, amount or legal status of an alleged debt;

   (e) Falsely representing that nonpayment of the debt will result in the arrest or imprisonment of any person or the seizure, garnishment or attachment of wages;

(f) Falsely threatening to take any action that cannot legally be taken or that is not intended to be taken;

(g) Falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer;

(h) The use of false representation or deceptive means to collect a debt or obtain information about a consumer; and

(i) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

41. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

42. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

45.     Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

46.     Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

47.     The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

48.     Defendant, Redline, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

49.     Defendant, ULQ, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

50.     Defendant, Nelson, participated in, knew of, approved of, consented to, and/or ratified the acts complained of herein.

51.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### **COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692 et seq.**

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

**COUNT II.**

**VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT**

**(FCEUA)**

**73 P.S. § 2270.1 et. seq.**

**AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND**

**CONSUMER PROTECTION LAW (UTPCPL)**

**73 P.S. § 201-1 et. seq.**

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- Actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

Dated: January 21, 2009

Respectfully submitted,
**RAPA LAW OFFICE, P.C.**

By: _____

Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorneys for Plaintiff

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

I, Sharon L. D'Angelo, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits. except that some of the attached exhibits may contain some of my own handwritten notations.

1/17/09
Date

Sharon L. D'Angelo
Sharon L. D'Angelo